**Michael BALDIGO, Plaintiff,**

v.

**POSTMASTER GENERAL OF the UNITED STATES, Defendant.**

**No. C–74–81 SC.**

United States District Court,
N. D. California.

July 8, 1974.

Plaintiff in pro. per.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for Postmaster General.

## ORDER AND FINAL JUDGMENT

CONTI, District Judge.

This action, filed in propria persona, is apparently one for mandamus pursuant to 28 U.S.C. § 1361, in which plaintiff requests the court to compel defendant to issue a Prohibitory Order as allowed by 39 U.S.C. § 3008(a), and as earlier requested by plaintiff. The matter is before the court on defendant's motion to dismiss and for summary judgment.

On November 19, 1973, plaintiff executed a Postal Service Form 2150 (Notice for Prohibitory Order). Such form is a request that the named sender of specified mail matter be issued an order, pursuant to 38 U.S.C. § 3008(a), prohibiting further sending of the specified mail to the recipient.

The request form submitted by plaintiff was accompanied by a magazine known as Spare Time, published by Kipen Publishing Corp. of Milwaukee, Wisconsin. The form itself, however, named Lakeside Importers of Chicago,

Illinois, with a reference to page 56 of the enclosed magazine. Certain advertisements of Lakeside Importers are found on that page.

Since Lakeside Importers was not the "sender" of the mail, but only an advertiser therein, the postal service issued the prohibitory order against the sender: Kipen Publishing Corporation.

Plaintiff thereafter notified defendant that the Order had not been issued as requested. Defendant responded that such orders may only be issued against "senders" of mail, and not against an advertiser within the mail matter. On January 11, 1974, the instant complaint was filed alleging alteration of the request by defendant and challenging defendant's rule that a request must be accompanied by the mail matter in question. Plaintiff demands that defendant be ordered to issue the Prohibitory Order "as originally requested".

39 U.S.C. § 3008(a) allows for the issuance of prohibitory orders against those who mail, or cause to be mailed, any pandering advertisement which offers for sale matter which the addressee in his sole discretion, believes to be erotically arousing or sexually provocative. The order can only be directed ". . . to the sender . . . to refrain from further mailings to the named addressees."

The sender of the advertisement in the instant case was the Kipen Publishing Corporation; there is no indication in plaintiff's original request that Lakeside Importers was a "sender" of advertisements as contemplated by the clear language of the statute. In asking this court to demand defendant to issue a prohibitory order "as originally requested", plaintiff is seeking an order compelling either that which has already been done by defendant, or alternatively, that which defendant cannot properly do under the statute. Certainly the statute does not allow the postal department to excise advertisements from publications, or to prohibit their inclusion in such publications. It is, therefore, impossible to grant the relief requested here.

As plaintiff has failed to state a claim upon which relief can be granted, it is ordered that defendant's motion to dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, is hereby granted.